# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2022

Lyle W. Cayce
Clerk

No. 21-11192
Summary Calendar

BANK OF AMERICA NA,

*Plaintiff—Appellee*,

*versus*

JOHN MANN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
Case No. 3:19-cv-02647-G

Before CLEMENT, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

This case arises from a property dispute that resulted in a mediated settlement agreement entered by Defendants John Mann and The Glorious Church of God in Christ International Ministries (GCGC) with Plaintiff Bank of America NA (BANA). John Mann, appealing *pro se*, challenges five

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-11192

orders of the district court in an attempt to upset that mediated settlement. For the following reasons, we DISMISS.

First, Mann appeals the district court's September 28, 2021 Order granting BANA's motion to enforce the mediated settlement entered into on July 28, 2021. In a civil case, a timely notice of appeal is a jurisdictional requirement, *see Bowles v. Russell*, 551 U.S. 205, 214 (2007), and must be filed "within 30 days after entry of the judgment or order" from which the appeal is taken, *see* FED. R. APP. P. 4(a)(1)(A). Because Mann filed his appeal on November 30, more than thirty days after the entry of the September 28 Order, his appeal is untimely. Similarly, Mann's appeal of the district court's October 6, 2021 Order setting an expedited briefing schedule is also untimely. His appeal as to both orders is dismissed for lack of jurisdiction.

Second, Mann challenges the district court's November 1, 2021 Order denying the motion for sanctions against BANA in the form of attorney's fees and costs. But, even construing the *pro se* brief liberally, Mann fails to address the basis for the lower court's order or argue against it, and thus, he fails to preserve the issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). His appeal of this order is also dismissed.

And third, Mann challenges the district court's November 1, 2021 Orders granting BANA's motion for entry of the Consent Judgment, as expressly incorporated in and required by the parties' mediated settlement agreement, and for forfeiture under the parties' settlement agreement. Assuming Mann has standing to challenge these orders, the district court found, and Mann concedes, that he knowingly failed to oppose the motion. Mann thus forfeited this argument and we dismiss his appeal as to these orders. *See Burke v. Ocwen Loan Serv., L.L.C.*, 855 F. App'x 180, 184–85 (5th Cir. 2021) (listing cases).

We DISMISS this appeal.